UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-1440(DSD/AJB)

Steven D. Carlson and
Kiersa A. Notz,

      Plaintiffs,

v.                                                    **ORDER**

Bank of America, N.A., as
successor by merger to BAC
Home Loans Servicing LP f/k/a
Countrywide Home Loan Servicing, LP,

      Defendant.

    Patrick D. Boyle, Esq. and Law Office of Patrick D. Boyle, 222 South Ninth Street, Suite 3220, Minneapolis, MN 55402, counsel for plaintiffs.

    Andre T. Hanson, Esq. and Fulbright & Jaworski, LLP, 80 South Eighth Street, Suite 2100, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant Bank of America, N.A. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This mortgage-loan dispute arises out of a promissory note (Note) and mortgage executed in October 2007 by plaintiffs Steven D. Carlson and Kiersa A. Notz (collectively, the homeowners) for property located at 20885 Channel Drive, Greenwood, Minnesota 55331. Ver. Compl. ¶¶ 4-5; McGregor Decl. Exs. A-B. Prior to

executing the mortgage, Countrywide Bank[1] appraised the property at $1,500,000. Ver. Compl. ¶ 9. The homeowners allege that this appraisal induced them to refinance the Note, which had a principal value of $937,500. Id. ¶¶ 10-11.

The homeowners made monthly mortgage payments of $4,275.48 until April 2010. Id. ¶¶ 12, 25. At that time, Carlson informed Bank of America of "financial concerns" and his desire to obtain a loan modification. Id. ¶¶ 25-27. Bank of America explained that Carlson was ineligible for a modification because he was not current on his Note payments. Id. ¶ 28. After making the April payment, Bank of America told Carlson that he was ineligible for a modification because the value of his Note exceeded $750,000. Id. ¶ 33.

In June 2010, Carlson was informed that a new loan modification program may begin, but that he would be ineligible unless he defaulted on his mortgage. Id. ¶ 37. Carlson claims he was told that if "he stopped making mortgage payments," the loan would "attract [Bank of America's] attention," and that the "loan would then be considered for a loan modification." Id. ¶ 39. Based on this representation, the homeowners claim that they

---

[1] Bank of America is successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loan Servicing, LP.

2

stopped making mortgage payments. The homeowners were unable to obtain a loan modification, and a sheriff's sale was scheduled for May 23, 2012. Id. ¶¶ 53, 56.

On May 15, 2012, the homeowners filed suit in Minnesota court, alleging breach of the duty of good faith and fair dealing, fraud, negligent misrepresentation and a violation of Minnesota Statutes § 58.13.[2] The homeowners also seek injunctive relief preventing Bank of America from foreclosing on their property. Bank of America timely removed, and moves to dismiss.

**DISCUSSION**

**I. Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain

---

[2] Plaintiffs abandoned their claim under Minnesota Statutes § 58.13. See Pls.' Mem. Opp'n 22.

3

detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim." Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings on a motion to dismiss under Rule 12(b)(6). See Fed. R. Civ. P. 12(d). The court may consider materials "that are part of the public record," Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999), and matters "necessarily embraced by the pleadings and exhibits attached to the complaint." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003).

**II. Duty of Good Faith and Fair Dealing**

"Under Minnesota law, every contract includes an implied covenant of good faith and fair dealing requiring that one party not 'unjustifiably hinder' the other party's performance of the contract." In re Hennepin Cnty. 1986 Recycling Bond Litig., 540 N.W.2d 494, 502 (Minn. 1995) (citations omitted). "Actions are done in good faith when done honestly, whether it be negligently or not." Prairie Island Indian Cmty. v. Minn. Dep't Pub. Safety, 658 N.W.2d 876, 889 (Minn. Ct. App. 2003) (citation and internal quotation marks omitted). "[T]he implied covenant of good faith and fair dealing governs the parties' performance and prohibits a party from failing to perform for the purpose of thwarting the

4

other party's rights under the contract." Team Nursing Servs., Inc. v. Evangelical Lutheran Good Samaritan Soc'y, 433 F.3d 637, 641-42 (8th Cir. 2006) (citation omitted) (interpreting Minnesota law).

The homeowners argue that Bank of America "fail[ed] to properly communicate with plaintiffs"[3] and "encourag[ed] plaintiffs to default on their loan." Ver. Compl. ¶ 63. Absent from the verified complaint, however, is any allegation that Bank of America hindered performance by refusing payment. See Coddon v. Youngkrantz, 562 N.W.2d 39, 43 (Minn. Ct. App. 1997) ("[A]ct of refusing payment appears to be an attempt to create a default, [thereby] violating the implied covenant of good faith and fair dealing."). In other words, the homeowners "never alleged that the lender's actions prevented them from performing their responsibilities under the mortgage agreement." Cox v. Mortg. Elec. Registration Sys., Inc., 685 F.3d 663, 671 (8th Cir. 2012). For this reason, the homeowners' claim fails.

Moreover, Minnesota law requires the homeowners to allege "a causal link between the alleged breach and the party's claimed damages." LaSociete Generale Immobiliere v. Minneapolis Cmty. Dev.

---

[3] The basis for this assertion appears to be that Countrywide fraudulently inflated the appraisal value of the property in October 2007, and, in turn, induced plaintiffs to refinance their mortgage. Even if true, such an allegation did not hinder payment or cause the homeowners to default on their mortgage more than two years later.

5

Agency, 44 F.3d 629, 638 (8th Cir. 1994) (citation omitted). Here, the homeowners "did not plead plausible factual allegations indicating that they would have been able to pay the mortgage absent their reliance on the instructions" to default. Cox, 685 F.3d at 672. The homeowners allege that they would have continued to make payments had they not been instructed to default on the loan; however, they also allege financial concerns beginning in fall 2009 and do not allege an ability to pay. Therefore, for this additional reason, dismissal of the claim for breach of the duty of good faith and fair dealing is warranted.

**III. Fraud and Negligent Misrepresentation**

A claim for fraudulent misrepresentation requires that:

> (1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffer[ed] pecuniary damage as a result of the reliance.

Trooien v. Mansour, 608 F.3d 1020, 1028 (8th Cir. 2010) (quoting Hoyt Props., Inc. v. Prod. Res. Grp., 736 N.W.2d 313, 318 (Minn. 2007)) (internal quotation marks omitted). "The elements of a negligent misrepresentation claim differ from fraudulent misrepresentation only with respect to the required state of mind ... [in that] a plaintiff must show that the defendant 'supplie[d]

6

false information for the guidance of others in their business transactions' and in doing so 'fail[ed] to exercise reasonable care or competence in obtaining or communicating the information.'" Id. (quoting Florenzano v. Olson, 387 N.W.2d 168, 174 n.3 (Minn. 1986)).

"Under Minnesota law, any allegation of misrepresentation, whether labeled as a claim of fraudulent misrepresentation or negligent misrepresentation, is considered an allegation of fraud which must be pled with particularity." Id. (citation omitted). To satisfy the heightened pleading requirement, a plaintiff must set forth the "who, what, when, where, and how" of an alleged misrepresentation. United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006). The homeowners allege that Bank of America falsely stated that they would be ineligible for a loan modification unless they were at least sixty days in default.

As an initial matter, the court notes that the homeowners fail to plead who made the alleged misrepresentation. Although not fatal to their claim, the homeowners must, at a minimum, "plead[] sufficient facts to allow the employer readily to identify the employee who spoke to the [homeowners]." Stumm v. BAC Home Loans Servicing, LP, No. 11-CV-3736, 2012 WL 5250560, at *2 (D. Minn. Oct. 24, 2012) (Schiltz, J.). Here, the homeowners allege that they attempted to communicate with Bank of America over 100 times,

7

but fail to state who made the alleged misrepresentation.[4] As a result, Bank of America cannot identify the employee, and the homeowners' claims fail for lack of particularity.

The homeowners also fail to plead their allegations of detrimental reliance with particularity. The homeowners allege that because of Bank of America's misrepresentation they did "not explor[e] alternatives to foreclosure or engag[e] in any loss mitigation efforts." Ver. Compl. ¶¶ 71, 81. There is no allegation, however, that any of these alternatives were available. In other words, the homeowners "could not have been *harmed* by their failure to explore alternatives to foreclosure" because there is no allegation that "one of those alternative would have *worked*." See Stumm, 2012 WL 5250560, at *3. As a result, the homeowners' claims fail for lack of detrimental reliance.

Moreover, the homeowners' alleged reliance is unreasonable. See Hoyt Props., 736 N.W.2d at 320-21 (noting that reliance must be reasonable). Bank of America never guaranteed a loan modification; rather, the verified complaint states only that the homeowners "would not qualify" for a modification until they defaulted. Ver. Compl. ¶ 37. At that point, the "loan would then be considered for a loan modification." Id. ¶ 39. Not only do the homeowners fail

---

[4] The homeowners allege that at some point they talked with a Bank of America representative named "Ron." Ver. Compl. ¶ 49. There is no allegation, however, that this is the individual who made the alleged misrepresentation.

8

to allege that they were not considered for a loan modification, but it is unreasonable to forego alternatives to foreclosure based on the mere representation that the homeowners would be considered for a modification. Therefore, the homeowners have not alleged reasonable reliance, and, for this additional reason, their claims fail.[5]

## IV. Injunctive Relief

The homeowners also seek an order enjoining the foreclosure proceedings. The court determines that the homeowners did not plead any basis for relief. As a result, the request for injunctive relief is moot.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 6] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 14, 2012

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court

---

[5] Because the court determines that the claims fail, it need not address the argument by Bank of America that the homeowners' claims are barred by Minnesota Statutes § 513.33 and the statute of frauds.